USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-14-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA             :
                                     :
         -v-                         :     08 Cr. 100 (JSR)
                                     :
JOSE RIVERA,                         :     MEMORANDUM ORDER
                                     :
              Defendant.             :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Jose Rivera, presently detained, now seeks to be released. The Bail Reform Act, 18 U.S.C. §§ 3141 et seq., directs a Court to detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). This determination requires the Court to consider, inter alia, the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See id. § 3142(g).

The unusual facts of this case have eliminated any likely motive the defendant would have to flee. Specifically, defendant is charged with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). By Order dated April 7, 2008, however, the Court granted defendant's motion to suppress the firearm at issue, as well as certain statements made by defendant. See also Memorandum dated April 14, 2008. Subsequently, the Government represented in open court that unless it chooses to

appeal the Court's suppression ruling it will dismiss the indictment. See transcript, 4/11/08. Under these circumstances, the only result of any flight by defendant would be to create criminal liability where none is otherwise likely to exist.

As to danger to other persons and the community, it is clear that defendant is no stranger to the possession of weapons. However, the evidence is strong that he has not chosen to use the weapons he has possessed. Essentially, it appears that defendant has on occasion carried weapons for defensive purposes. While defensive possession of weapons is not ideal, it does not present the same danger to other persons and the community that actual use of the weapons would.

Furthermore, defendant's possession of weapons appears to be closely related to defendant's use and sale of narcotics. While it appears that defendant was using drugs up until the time he was arrested in the instant case, he has now been incarcerated for over three months with little, if any, opportunity for drug use. As a condition of release he will remain under strict supervision including regular drug testing, and should he test positive for narcotics during his release the Court may reconsider the issue of bail.

Accordingly, the defendant is hereby ordered released on the following conditions:

(1) The defendant shall execute a $50,000 bond, to be co-signed by the mother of defendant's children.

(2) The defendant shall not be permitted to travel outside of the Southern District of New York.

(3) The defendant shall be subject to strict pretrial supervision.

Counsel for both sides should take all necessary steps to expedite compliance with this Order.

SO ORDERED.

                                                           JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 14, 2008